NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0330n.06

Case No. 20-2268

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jul 12, 2021<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| JORDAN KOSKINEN, | ) | DISTRICT OF MICHIGAN |
|  | ) |  |
| Defendant-Appellant. | ) | **O P I N I O N** |

---

**BEFORE: GILMAN, McKEAGUE, and BUSH, Circuit Judges.**

**McKEAGUE, Circuit Judge.** Jordan Koskinen appeals his 15-month sentence for violating the terms of his supervised release, arguing that the sentence is substantively unreasonable. Because the district court did not abuse its discretion in imposing an upward variance of one month based on Koskinen's four supervised-release violations within the span of a few weeks, we **AFFIRM** the judgment of the district court.

**I.**

In 2016, Koskinen pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(c). The district court sentenced Koskinen to 37 months of imprisonment and 3 years of supervised release.

On May 3, 2019, Koskinen was released from prison and began his term of supervised release. Three months later, Koskinen's probation officer, Daniel Roberts, filed a petition alleging

that Koskinen had violated the terms of his supervised release by (1) possessing methamphetamine, (2) using methamphetamine, and (3) resisting and obstructing officers in the discharge of their duties. Koskinen admitted to possessing and using methamphetamine and the government dismissed the resisting and obstructing violation. The district court revoked Koskinen's term of supervised release and sentenced him to 12 months and 1 day in prison and 3 years of supervised release.

After Koskinen was released from prison the second time, he was ordered to report to New Hope House for substance-abuse treatment. Seven days later, Koskinen was unsuccessfully discharged from New Hope House for using controlled substances and refusing to participate in the treatment process. He was then transferred to Chippewa County Jail, and his probation officer filed another petition, this time alleging that Koskinen (1) failed to participate in substance-abuse treatment, (2) left the judicial district without permission, (3) failed to report law-enforcement contact, and (4) brought contraband into the Chippewa County Jail.

At the revocation hearing, Koskinen admitted to violations 1-3, but disputed violation 4, arguing that he had a valid prescription for the suboxone strips found on his person when he was booked into the Jail. Officer Roberts and Chippewa County Sheriff Michael Bitnar testified at the hearing. Officer Roberts testified that when he learned New Hope was discharging Koskinen, he coordinated with the U.S. Marshal to have Koskinen arrested. During the booking process at the Jail, Sheriff Bitnar asked Koskinen if he had any contraband on his person. Koskinen replied that he did not. When officers searched him, however, they found suboxone strips rolled up in electrical tape in the "waistband area of his shorts." Koskinen told the officers that he had a prescription in his wallet for the suboxone strips, but Sheriff Bitnar searched Koskinen's wallet and did not find it.

Koskinen also testified at the hearing.  He stated that he was prescribed the suboxone strips five days before he went to New Hope to help wit his withdrawal symptoms, and that he did not know the strips were in his shorts at the time of his booking.  Koskinen believes the prescription must have gotten lost when New Hope made copies of it upon his arrival.  Officer Roberts confirmed on cross-examination that Koskinen had indeed been prescribed the strips, but that he was not permitted to possess them at New Hope.

The district court found that all four violations were established by a preponderance of the evidence.  As for the contraband violation specifically, the court found that regardless of whether Koskinen had a prescription for the suboxone strips, he still brought controlled substances into the Jail.

The court then sentenced Koskinen to 15 months of imprisonment, one month over the guidelines range, with no supervised release to follow.  The court was concerned with Koskinen's repeated supervised-release violations, stating that it did not want to send "the message . . . that if you violate early and often you can get out of supervision early."  , the court sentenced Koskinen "slightly above the guidelines at 15 months of custody and no supervision to follow" because it "achieve[d] the punitive and deterrent functions that [were] needed on this record."  The court also discussed Koskinen's ongoing substance-abuse problem and Koskinen's "active[] resist[ance]" to court-ordered substance-abuse treatment, concluding that supervised release "hasn't worked, isn't working, and isn't likely to work."

Koskinen now appeals his sentence.

## II.

Koskinen argues that his sentence is substantively unreasonable because, in his view, the district court arbitrarily determined that an additional month of custody was necessary. Koskinen's argument is two-fold. First, he argues that the court abused its discretion by placing too much weight on his possession of suboxone strips in deciding to vary upwards, considering that Koskinen forgot he had the strips on him and that the government did not dispute that Koskinen had a valid prescription. Next, Koskinen argues that the court failed to consider his need for "medical care in the form of substance abuse and addiction treatment." We address each argument in turn.

Sentences imposed following revocation of supervised released are reviewed under the same deferential abuse-of-discretion standard we apply to sentences imposed following conviction. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A challenge to the substantive reasonableness of a sentence asks whether the sentence is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 765-66 (2020) (emphasis omitted); *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020). We look at whether the district court selected the sentence arbitrarily, based the sentence on impermissible factors, or gave an unreasonable amount of weight to any § 3553(a) factor. *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015). The fact that we might reasonably "conclude[] that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Gall*, 552 U.S. 38, 51 (2007).

Although sentences within the Guideline range are presumed to be substantively reasonable, we may not apply a "'presumption of unreasonableness' to sentences that fall outside of the Guidelines range." *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008) (quoting

*Gall*, 552 U.S. at 47). "If the sentence is outside of the Guidelines range, we . . . give 'due deference' to the district court's decision that the § 3553(a) factors justify the variance," *id.* (quoting *Gall*, 552 U.S. at 47), especially in the "discretion-filled context of supervised release," *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009).

Koskinen's sentence is not substantively unreasonable. The record makes clear that the court varied upward because of Koskinen's repeated supervised-release violations, not for possessing the suboxone strips. In fashioning the sentence, the court determined that, based on Koskinen's previous inability to comply with the terms of supervised release, the court was not going to allow any further supervision. Instead, to provide just punishment for his multiple supervised-release violations and to provide adequate deterrence against any potential future violations, the court varied upward and imposed a sentence one month above the Guidelines. The only time the court mentioned the suboxone strips in imposing Koskinen's sentence was in reference to Koskinen's failed attempts at treatment. *See* R. 189, P. 726 ("Koskinen has actively resisted [treatment] . . . . Every time that he's on the threshold of getting help, he sabotages it before he even arrives. . . . [That] was true as he was walking into the Chippewa County Jail in my opinion.").

The court was not required to further explain its decision to impose an upward variance. *See Gall*, 552 U.S. at 47 (rejecting "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range"). It "adequately articulated its reasoning" to "deviate from the advisory Guidelines range," *Bolds*, 511 F.3d at 581, by explaining that Koskinen's continued failure to adhere to the terms of his supervised release—possessing and using methamphetamine, refusing treatment, leaving the district without permission, and failing to report contact with law enforcement—mandated a slight upward variance. *See United States v.*

*Epps*, 655 F. App'x 444, 450 (6th Cir. 2016) (noting that the defendant's repetitive behavior in violating his supervised release presented "the classic situation in which imposition of the statutory maximum upon revocation of supervised release is appropriate" (quoting *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005)); *see also Kirby*, 418 F.3d at 628 (holding that a sentence ten months over the Guidelines was not unreasonable because the defendant twice violated the conditions of his supervised release).

Next, Koskinen argues that the district court failed to consider his need for substance-abuse treatment. The Government correctly points out that this challenge is more properly characterized as one of procedural, not substantive, reasonableness. *See, e.g.*, *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) ("The point [of substantive unreasonableness] is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness."); *United States v. Small*, 988 F.3d 241, 257 (6th Cir. 2021) (explaining that a district court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." (quoting *United States v. Johnson*, 640 F.3d 195, 201-02 (6th Cir. 2011))).[1]

This distinction matters here because procedural challenges are reviewed for plain error if not raised below, and Koskinen did not make this argument before the district court. *See Solano-Rosales*, 781 F.3d at 351. But we don't need to determine whether the failure to consider a

---

[1] It is worth noting that "[t]he border between procedural and substantive reasonableness can be blurry, and the analysis often overlaps." *Small*, 988 F.3d at 257*; see also United States v. Herrera-Zuniga*, 571 F.3d 568, 579 (6th Cir. 2009) (noting the "lingering confusion in this circuit as to whether [] claims are 'procedural' or 'substantive' challenges" and collecting cases in which we "confusingly . . . identified the exact same factors as exclusively part of both the procedural and substantive inquiries").

§ 3553(a) factor is a procedural or substantive challenge here because Koskinen's challenge fails even under the less deferential abuse-of-discretion standard. *See United States v. Chowdhury*, 438 F. App'x 472, 476 n.5 (6th Cir. 2011).

The court considered Koskinen's need for substance-abuse treatment. The court discussed its previous decision to place Koskinen in residential treatment instead of prison and how, even after failing to complete treatment, Koskinen still "ha[d]n't gotten a grip on just how deep [his] need [for treatment] is." R. 189, P. 727 ("[W]ithin the first few days he'd already lost the confidence of the people at the treatment center. And it was really within a week that he was out of control to the point where they didn't want to continue."). The court noted that Koskinen's substance-abuse problem is "what we've been trying to help him with right from the start," but ultimately concluded that Koskinen's prior attempts at supervised release and residential treatment had proven unsuccessful, and that only an additional term of imprisonment could satisfy the need for adequate deterrence and provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B).

In sum, Koskinen's sentence is not substantively unreasonable. The district court's 15-month sentence was justified by Koskinen's repeated transgressions, and the court carefully considered the § 3553(a) factors and thoroughly explained its reasons for varying upwards by 1 month. *See Small*, 988 F.3d at 257.

**III.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.