ALICE M. BATCHELDER, Chief Judge,
concurring.
I join the lead opinion, but I write separately to note that I do not agree that the district court failed to give sufficient consideration to Goffs personal history and characteristics — or, for that matter, the other factors — under 18 U.S.C. § 3553(a). As the lead opinion concedes, we do not require a “ritual incantation” of these factors. Rather, as we have repeatedly held, “[wjhile the district court need not engage in a ritualistic incantation to establish consideration of a legal issue or make specific findings related to each of the factors considered, the district court must articulate the reasons it reached the sentence imposed.” United States v. Petrus, 588 F.3d 347, 353 (6th Cir.2009) (internal quotation marks and citations omitted); see also United States v. Simmons, 587 F.3d 348, 359 (6th Cir.2009) (holding that a “terse” analysis using “generic language” and lacking “elaboration” is not “per se inadequate”). I do not dispute that here, the sentencing judge was terse, and that he did not engage in elaboration. But his explanation to the defendant followed an explicit and detailed description by the government of each of the § 3553(a) factors, and the judge himself mentioned each of the factors and, albeit without elaboration, told the defendant how they figured in the sentence. In my view that is enough.