NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0749n.06

No. 10-6449

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Nov 03, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| VANCE BOWERS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: ROGERS, COOK, and WHITE, Circuit Judges.

**ROGERS, Circuit Judge.** Defendant Vance Bowers appeals his sentence of 18 months'
imprisonment, imposed when the court revoked his second term of supervised release for testing
positive for a controlled substance and violating the rules of his halfway house. Bowers argues that
his sentence, which includes an upward variance of five months, was substantively unreasonable and
greater than necessary given the nature of his violations. However, because the district court
properly considered and discussed the necessary § 3553(a) factors in support of an upward variance,
and reasonably found that Bowers was unwilling to be supervised, had a poor attitude, and was at
a heightened risk of recidivism, a sentence of 18 months without a period of supervised release was
not an abuse of discretion and was substantively reasonable.

On December 19, 2002, following a jury trial, Bowers was convicted of conspiracy to

distribute and possess with intent to distribute methamphetamine, kidnaping, and possession of a firearm in relation to a crime of violence. Bowers was initially sentenced to 211 months' incarceration and supervised release, but after a *Booker* remand and successful § 2255 petition, Bowers's firearm conviction was vacated and his sentence was amended to 96 months in prison followed by three years of supervised release. Bowers's first term of supervised release began July 24, 2009, but was revoked after Bowers twice tested positive for marijuana and missed three drug treatment sessions. After these violations, he was sentenced to three months of incarceration followed by 33 months of supervised release. Bowers's second term of supervised release began on April 9, 2010.

During his second term of supervised release, Bowers was required to spend six months at the Midway Sanction Center, a halfway house in Knoxville, Tennessee. In light of Bowers's history of drug abuse, he was also required to notify his probation officer if a controlled substance was ever prescribed to him. After only three months at Midway, Bowers tested positive for hydrocodone, a controlled substance, and was discharged pursuant to Midway's zero-tolerance drug policy. On September 20, 2010, Bowers's probation officer requested that his second supervised release be revoked because Bowers had tested positive for a controlled substance and in addition had violated the rules at Midway Sanction Center, including his refusal to pay the subsistence fee.

A second revocation hearing was held on November 8, 2010. Bowers initially indicated that he would stipulate to the two violations. However, after the district court read the first violation, Bowers disputed the proposed stipulation and explained that he had an earlier prescription for the hydrocodone. In light of Bowers's objections, the district court heard testimony presented by the Government from Paul Harris, Bowers's supervising probation officer, and Steve McNish, the

2

director of Midway Sanction Center.

Harris's testimony established that Bowers was well aware that he was not permitted to take narcotic medications without advanced permission, that Harris did not give Bowers permission to take hydrocodone, that Bowers did not acknowledge a drug problem, and that Bowers was "completely uncooperative" and resistant to supervision. Harris concluded that Bowers was unlikely to succeed under any supervisory program or conditions.

McNish testified that Bowers was uncooperative and that Bowers clearly felt that his assignment to Midway was a wrong perpetrated against him. Bowers refused to pay his subsistence fee to Midway. Bowers would check himself out of Midway for up to 80 hours a week, ostensibly to work at his construction job, yet his paychecks did not report such lengthy hours. Additionally, McNish confirmed that Bowers had never turned in any medication as required to Midway, yet had tested positive for hydrocodone.

At the revocation hearing, the district court found by a preponderance of the evidence that Bowers had violated his terms of supervised release by testing positive for hydrocodone and failing to comply with the requirements of Midway. These were grade C violations which, in light of Bowers's criminal history categorization, carried an advisory guidelines range of 7 to 13 months' incarceration. The United States requested the statutory maximum sentence of 21 months' imprisonment.

The district court sentenced Bowers to 18 months of incarceration without any further supervised release period. In arriving at this sentence, the district court considered and discussed the guidelines range and the § 3553(a) factors. The district court acknowledged the importance of the guidelines, but determined that the § 3553(a) factors called for an upward variance. The district

3

court specifically discussed Bowers's angry attitude and demeanor, his unwillingness to follow rules, his resistance to treatment, and the fact that this was Bowers's second revocation of supervised release. After this discussion, the district court concluded:

> Your resistance to any kind of supervision and treatment is something that's not taken into account by the guideline range. Your argumentative, uncooperative, anti-authority attitude is something that's not taken into consideration; and the reason that's important, in addition to the reasons I've already stated . . . is that that increases the risk of recidivism . . . . Because I find . . . that there are certain factors that are not taken into account in the guideline range, because of . . . the lengthy record of noncompliance, because of the nature of the noncompliance, because you have effectively managed to avoid your Midway obligation, and because there is no further supervision that will serve any purpose, I am going to impose an above the guideline sentence here. I'm not, however, going to impose the statutory maximum. I'm going to impose an 18 month sentence here . . . a sentence that I believe is sufficient but not greater than necessary to comply with the purposes of sentencing established by the Congress.

On November 9, 2010, one day after the revocation hearing, Bowers filed a timely notice of appeal.

Bowers's sentence was not procedurally or substantively unreasonable, and thus the district court did not abuse its discretion by sentencing Bowers to a five-month upward variance from the guidelines. As Bowers does not claim on appeal that the district court committed procedural error, this court must only review his sentence for substantive reasonableness. *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). However, even if Bowers had raised procedural error, this argument would not have merit because the district court properly calculated and considered the guidelines range, evaluated the § 3553(a) factors, and thoroughly explained its decision in open court. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Bowers does challenge the substantive reasonableness of his sentence, claiming that 18 months is greater than necessary given the nature of his violations. Though on appeal he

4

acknowledges that he took hydrocodone without authorization and did not make subsistence payments to Midway, he argues that these violations were minor and do not merit a five-month upward variance. To support these contentions, Bowers notes that the circumstances of his violations are not as egregious as the examples given in the comments to U.S.S.G. § 7B1.4 to justify an upward variance.

Despite Bowers's claim, the district court did not abuse its discretion because the five-month upward variance was substantively reasonable. Though a sentence may be outside the guidelines range, as in this case, that does not necessarily make the sentence unreasonable. *United States v. Petrus*, 588 F.3d 347, 353 (6th Cir. 2009). Bowers's sentence was substantively reasonable because it was not selected arbitrarily, the § 3553(a) factors were properly considered, and no factor received impermissible weight. *United States v. Denny*, 653 F.3d 415, 424 (6th Cir. 2011). When considering the § 3553(a) factors, the district court examined the present violations alongside Bowers's overall behavior, his prior revocation, his attitude, and the testimony from his supervisors regarding his unwillingness to cooperate with supervision. In doing so, the district court reasonably concluded that an upward variance was necessary given that Bowers's resistance to supervision and increased risk of recidivism were not reflected in the guidelines range. In light of the district court's findings and discussion, there is no basis to conclude that the district court abused its discretion in sentencing Bowers to 18 months' incarceration without a period of supervised release.

Bowers's argument that his violations are not as egregious as the examples given in the comments to U.S.S.G. § 7B1.4 is unavailing. As the guidelines are discretionary, the comments to the guidelines are also discretionary; even if Bowers's argument had merit, it was within the district court's discretion to either rely on the comments or not. More importantly, the sentence is

substantively reasonable because the "totality of the circumstances," *Gall*, 552 U.S. at 51, including Bowers's demeanor, prior revocation, and risk of recidivism, "justify the extent of the variance." *Id.* It is upon this basis, and not whether or not the sentence aligns with the guidelines's comments, that the sentence should be upheld.

For the foregoing reasons, we affirm Bowers's sentence.