**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0846n.06

**No. 10-5949**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Dec 15, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| EXGARDO ERAZO, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant - Appellant. | ) | OPINION |

**Before: CLAY, SUTTON, and STRANCH, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** Exgardo Erazo appeals the procedural and substantive reasonableness of his sentence. We affirm.

Erazo was convicted after a jury trial of several drug-related offenses for distributing large amounts of cocaine and crack cocaine. Erazo's attorney asked the court to vary downward from the guidelines range of 151-188 months' imprisonment and impose the mandatory-minimum sentence of 120 months. Instead, the court imposed a within-guidelines sentence of 160 months. On appeal, Erazo argues that (1) the court's purported failure to consider the cocaine-base disparity argument in his variance request was procedurally and substantively unreasonable and (2) "the fact that Mr. Erazo has already been in jail for years and felt pressured to give information he did not have to the government" makes his sentence "just too long and therefore substantively unreasonable."

We review a sentence imposed by the district court for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). "The question of whether a sentence is reasonable is determined using the abuse-of-discretion standard of review." *United States v. Webb*, 616 F.3d 605, 609 (6th Cir. 2010) (citation omitted). When reviewing a sentence for procedural reasonableness, we look at three factors: whether the district court "(1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). As for substantive reasonableness, we consider whether the district court selected a sentence arbitrarily, based the sentence on impermissible factors, failed to consider relevant sentencing factors, or gave an unreasonable amount of weight to any pertinent factor. *United States v. Holcomb*, 625 F.3d 287, 293 (6th Cir. 2010). "A properly calculated advisory guidelines range represents a starting point for substantive-reasonableness review because it is one of the § 3553(a) factors and because the guidelines purport to take into consideration most, if not all, of the other § 3553(a) factors." *Id.* (citation omitted).

We reject Erazo's claim that the court erred in denying his cocaine-base disparity variance request due to an impermissible factor, his status as an illegal immigrant. Most obviously, the court did not actually reject his disparity argument. Although the court correctly overruled it as an objection to the presentence report itself, the court *did* agree to "consider Defendant's disparity argument . . . as part of the Court's consideration of the 3553 factors in this case." After reviewing those factors, the court stated its conclusion that the sentence imposed was appropriate "even taking

into consideration . . . the Defendant's disparity argument." Moreover, to whatever extent the court

did consider Erazo's illegal presence, Erazo has failed to show how this was an abuse of discretion.

*See United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009) (sentencing court has discretion to

consider immigration status). Although Erazo might have wanted the court to weigh the factors

differently, we find no abuse of discretion in the manner in which the court evaluated Erazo's

variance request.

Finally, we find no merit to Erazo's claim that his sentence is "just too long." A district

court's within-guidelines sentence is afforded a rebuttable presumption of reasonableness. *United*

*States v. Sedore*, 512 F.3d 819, 823 (6th Cir. 2008). A review of the record demonstrates that the

court did not abuse its discretion in its consideration of and weight given to pertinent factors.

For the reasons stated above, Erazo's sentence is **AFFIRMED.**