NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0020n.06

No. 11-6511

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JAMES MOBLEY, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  James Mobley, who is represented by counsel, appeals his judgment of conviction and sentence.

Mobley pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  He was sentenced to serve 120 months of imprisonment, followed by three years of supervised release, and was ordered to pay a $100 special assessment.

On appeal, Mobley challenges his sentence, arguing that it "is substantively unreasonable because the district court failed to consider relevant sentencing factors" prior to imposing his sentence.  Mobley argues that the district court imposed "the statutory maximum sentence" without regard for "the fact that [he] would not receive any jail credit due to his incarceration in state court on a pending aggravated rape charge, which was relevant conduct to the instant offense of conviction." Mobley explains that he was incarcerated pending trial on state aggravated rape charges at the time he was sentenced for this federal offense.  Mobley acknowledges that the district court lacked "authority to run [his] federal sentence concurrently with any state sentence he might receive because he had yet to be found guilty in state court" or "to depart downward" to account for "this

particular factual situation." Mobley argues, however, that the district court did have authority under 18 U.S.C. § 3553(a)(2) to impose a sentence that accounted for his unique situation and the fact that he would not receive credit for the time incarcerated in a state facility prior to imposition of his federal sentence.

We review a sentence imposed by a district court for reasonableness. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). Reasonableness review has both a procedural and a substantive component. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Lanning*, 633 F.3d at 473. Mobley challenges only the substantive reasonableness of his sentence.

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. A substantively reasonable sentence "is 'sufficient but not greater than necessary, to comply with the purposes' of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Petrus*, 588 F.3d 347, 353 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007)). We apply a rebuttable presumption of reasonableness to a sentence that falls "within a properly-calculated Guidelines range." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009).

Based upon calculations contained in Mobley's presentence report, his total offense level was thirty-three and his criminal history category was III. These calculations resulted in an advisory sentencing guidelines range of 168 to 210 months of imprisonment. The probation officer noted that Mobley was subject to a statutory maximum sentence of 120 months of imprisonment pursuant to 18 U.S.C. § 924(a)(2). Because the statutory maximum sentence was less than the minimum sentence recommended by the sentencing guidelines, Mobley's sentencing guidelines range of imprisonment was restricted to 120 months of imprisonment. *See* USSG § 5G1.1(a).

The district court recognized the advisory nature of the federal sentencing guidelines, and considered the relevant factors set forth in section 3553(a). The district court did not accord more weight to any one factor when discussing the section 3553(a) factors at sentencing.

The district court referenced Mobley's pending criminal proceeding in state court and agreed with defense counsel that a concurrent federal sentence could not be imposed because a state sentence had not been imposed in the state proceeding. Through imposition of the sentence in this case, the district court expressed an intention to provide assistance to the state court should Mobley's state criminal proceeding result in a conviction and sentence. The district court stated that the imposition of sentence in this case provided the state court judge "a way to then fashion an appropriate sentence, and [that judge] can determine whether or not [the] sentence should run partly concurrent or should run consecutively or how [the judge] want[s] it to run, so that should be up to the final sentencing judge." The district court lacked sufficient information and authority to consider the state proceedings when imposing Mobley's federal sentence because the state proceedings were still in progress and Mobley was not subject to an undischarged term of imprisonment. *See* USSG § 5G1.3.

Although the district court imposed the statutory maximum sentence, the sentence imposed is within the advisory sentencing guidelines range and is entitled to a presumption of substantive reasonableness. *See Lapsins*, 570 F.3d at 772. There is nothing in the record that rebuts this presumption. "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects." *United States v. Trejo-Martinez*, 481 F.3d 409, 413–14 (6th Cir. 2007) (internal quotation marks and citation omitted).

We affirm the district court's judgment.