NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0504n.06

No. 13-4015

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 10, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

ANDREW MARTIN,

 Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

Before: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Andrew Martin appeals his within-Guidelines sentence for seeking to hire a hit man to murder an 80-year-old woman whom Martin sought to defraud. We affirm.

In 2010, a man named George Warehime passed away. The local probate court appointed his sister, Joy Comey, as administrator of the estate. In that role, Comey contracted to sell Warehime's house. Comey went to the house one day and, to her surprise, found Andrew Martin and David Simons inside. They told Comey that Warehime had already transferred the house to Simons months before.

In fact, Martin and Simons had never met Warehime. Instead, they had filed a fraudulent quitclaim deed with the local recorder purporting to effect the transfer. Then Martin, a nurse at the Cleveland Clinic, gained unauthorized access to Warehime's medical records so that Simon

could fabricate a story about a relationship with Warehime in order to make the putative transfer look legitimate. A tussle over the house followed in probate court.

Meanwhile, Martin encountered a patient at the Cleveland Clinic who "looked like a big guy[.]" Martin asked if the patient had ever "hurt anyone." The patient said "yes, no, maybe." Martin asked if the patient had ever killed anyone. The patient replied, "I shot someone in the leg once." Martin then offered the patient a "job" to "take someone out": Joy Comey. Martin explained that Comey had "been trying to mess up his life[,]" and that he wanted the patient to "put four in her head and make it look like a robbery." The patient purported to agree for a price of $10,000.

The patient then contacted the police. Martin thereafter pled guilty to using interstate-commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958, conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and wrongful disclosure of personal-health information, in violation of 42 U.S.C. § 1320d-6. The district court sentenced Martin to 144 months' imprisonment on the wire-fraud conspiracy charge, and 120 months' on each of the other two charges (all to run concurrently). Martin now appeals his sentence as procedurally and substantively unreasonable.

Martin first argues that the district court failed to consider his request for a variance based upon his mental problems, failed to explain the sentence on the whole, and failed to apply the 18 U.S.C. § 3553(a) sentencing factors. Any of these three putative errors would make the sentence procedurally unreasonable. *See United States v. Petrus*, 588 F.3d 347, 354 (6th Cir. 2009). When offered the chance below, however, Martin did not object to the procedural reasonableness of his sentence. We therefore review for plain error. *United States v. Brinley*, 684 F.3d 629, 635 (6th Cir. 2012).

There was none here. The district court went through the § 3553(a) factors and explained how they applied to Martin. In doing so, the court detailed Martin's mental problems—post-traumatic stress disorder, anxiety, depression, obsessive-compulsive disorder, opiate dependency—and told him "certainly you have problems mentally and emotionally . . . I will take that in consideration." But the court also pointed out that Martin had abused his job as a nurse to access Warehime's medical records, "bullied" Comey (an 80-year-old woman), and "thought out" and "planned" the fraud and murder. Only then—after it had considered his variance argument, applied the § 3553(a) factors, and explained the sentence on the whole—did the court sentence Martin. His procedural-reasonableness argument thus fails.

As for substantive reasonableness, we review Martin's sentence for an abuse of discretion. *See United States v. Cunningham*, 669 F.3d 723, 728 (6th Cir. 2012). A sentence is substantively unreasonable if, among other things, the district court relied on "impermissible factors" in reaching the sentence. *Id.* at 733. One impermissible factor is the defendant's socioeconomic status. *See* U.S.S.G. § 5H1.10. Martin says that the district court relied on that factor here when it discussed his job as a nurse. The court explained that Martin had abused his job in order to access Warehime's medical records, and that while Martin was doing his job— "taking care of people, thinking through their needs"—he was also "plotting to have someone killed." Thus, the court considered Martin's job not as a stand-in for socioeconomic status, but to demonstrate Martin's full awareness of the deeply wrongful nature of his conduct. Martin's substantive-reasonableness argument also fails.

The district court's judgment is affirmed.