**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lee Carl NEW III, Defendant–Appellant.**

No. 15–1367.

United States Court of Appeals, Sixth Circuit.

Dec. 2, 2015.

BEFORE: BOGGS and DONALD, Circuit Judges; HOOD, District Judge.*

PER CURIAM.

Lee Carl New III appeals his conviction and sentence.

New pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court determined that New was responsible for 198.1 grams of crystal methamphetamine. The court further determined that, based on his total offense level of 25 and criminal history category of I, New's guidelines range of imprisonment was 57 to 71 months. The district court sentenced New to 70 months in prison.

On appeal, New raises the following arguments: (1) his sentence is procedurally unreasonable because the district court denied his motion for a downward variance without considering the statutory sentencing factors; (2) his sentence is substantively unreasonable because the court overemphasized the need for punishment and deterrence and gave insufficient weight to his lack of criminal history, substance-abuse problems, and mental-health issues; and (3) his guilty plea was rendered invalid when the district court held him responsible for a greater amount of methamphetamine than was stipulated to in the plea agreement.

We generally review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir.2009). A sentence is proce-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

durally unreasonable where the district court fails to consider the statutory sentencing factors. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We review New's procedural challenge for plain error, however, because defense counsel did not raise the issue when given the opportunity to do so by the district court at the conclusion of the sentencing hearing. *See United States v. Vonner,* 516 F.3d 382, 386 (6th Cir.2008) (en banc). A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, fails to consider pertinent sentencing factors, or gives an unreasonable amount of weight to any factor. *United States v. Vowell,* 516 F.3d 503, 510 (6th Cir.2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *Vonner,* 516 F.3d at 389.

The district court did not commit plain error in denying New's motion for a variance because the court discussed several relevant sentencing factors, including the issues raised in New's motion, and adequately explained that the circumstances did not warrant a sentence outside the guidelines. *See United States v. Petrus,* 588 F.3d 347, 353 (6th Cir.2009) (stating that a district court need not explicitly discuss each of the statutory sentencing factors). In addition, New has not overcome the presumption that his within-guidelines sentence is' substantively reasonable. Before imposing the sentence, the district court discussed the seriousness of the offense, New's history of substance abuse and mental-health problems, and the need for just punishment, and nothing in the record suggests that the court gave unreasonable weight to those factors or failed to give adequate consideration to other pertinent factors.

New also argues that his guilty plea was rendered invalid by the district court's de-termination that he was responsible for 198.1 grams of crystal methamphetamine because the parties stipulated in the plea agreement that the offense involved between 50 and 150 grams of crystal methamphetamine. A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently enters the plea. *United States v. Dixon,* 479 F.3d 431, 434 (6th Cir.2007). New's guilty plea was not rendered invalid by the district court's drug-quantity determination because the plea agreement explicitly stated that the court was not bound by the agreement and that the court would determine the facts relevant to sentencing. And the district court's drug-quantity determination was not clearly erroneous, *see United States v. Jeross,* 521 F.3d 562, 570 (6th Cir.2008), given that it was supported by New's admissions and the statements of his co-conspirators.

Accordingly, we **AFFIRM** New's conviction and sentence.