NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0368n.06

No. 18-3321

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 24, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| RONALD E. PADEN, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: BATCHELDER, KETHLEDGE, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** While serving a period of supervised release following imprisonment for a series of bank robberies, Defendant-Appellant Ronald Paden violated the terms of his release and was sentenced to additional imprisonment and supervised release. On appeal, Paden challenges his sentence as procedurally unreasonable. We **AFFIRM**.

I.

In 2002, Paden committed a series of bank robberies in various jurisdictions. He was indicted in the Western District of North Carolina, and prosecutions in several other districts were transferred there under Fed. R. Crim. P. 20. Paden pleaded guilty to four counts of bank robbery and was sentenced to concurrent terms of 92 months' imprisonment and three years of supervised release on each count. After serving one year of his sentence, Paden was transferred to the Eastern District of Tennessee to address a final bank-robbery charge that had not been consolidated. Paden was held in solitary confinement while he awaited trial. After a jury found him guilty, the district

court imposed a sentence of 77 months' imprisonment and three years of supervised release to run concurrently with the sentences imposed in the Western District of North Carolina.

After Paden completed his federal sentence, he was released to Ohio authorities regarding unrelated criminal charges. In December 2017, Paden was released from state prison and began serving terms of both Ohio post-release control and federal supervised release in the Northern District of Ohio. Shortly thereafter, Paden tested positive for drug use three times, on January 24, February 1, and February 22, 2018. Paden was also discharged from a drug treatment program for noncompliance.

On March 22, 2018, the district court held a hearing to address Paden's supervised-release violations. Paden admitted to using marijuana and cocaine and conceded that he failed to comply with the drug treatment program. Although the violation report listed three positive drug tests, Paden only admitted to using drugs twice, and argued that the third positive test merely duplicated the result of an earlier, recent test. The probation officer addressed Paden's argument:

> [I]n regard to the urinalysis samples that Mr. Paden submitted, he tested positive on January 24th, 2018, for the presence of cocaine and marijuana; February 1st, 2018, for cocaine and marijuana, and then, again, on February 22nd, 2018, for cocaine. The marijuana may have been still in his system over the course of January 24th and February 1st samples. However, cocaine stays in a person's system for approximately 48 hours. So these would be three separate incidents, your Honor.

[R.14 at PID 56–57].

Paden's violations were Grade C violations, resulting in a Guidelines sentence range of seven-to-thirteen months' imprisonment. Paden and his counsel both argued for a below-Guidelines sentence, citing Paden's employment, the conditions of Paden's incarceration in Tennessee in 2005, and the difficulty Paden had in complying with concurrent state and federal release conditions.

The district court acknowledged Paden's admission that he "went out with some friends and got high, and that was a one or two-time or two-time deal," and noted Paden's failed drug tests and treatment program noncompliance. The district court then sentenced Paden to eight months' imprisonment followed by two years of supervised release. Paden timely appealed.

## II.

We review a district court's decision to revoke supervised release for abuse of discretion, *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000), and will overturn a sentence only if procedurally or substantively unreasonable. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009) (citation omitted). A sentence may be procedurally unreasonable if it entails a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Paden raises two issues on appeal, both of which he contends render his sentence procedurally unreasonable. First, Paden argues that the district court relied on "unproven facts" when sentencing him, specifically that the district court relied on three instances of drug use although Paden only admitted to using cocaine and marijuana twice and disputed one of his three failed drug tests. This argument fails. It is not at all clear that the district court "relied" on all three failed drug tests because the court outlined Paden's admitted drug uses—"that was a one or two-time or two-time deal"—before announcing Paden's sentence. Further, Paden's parole officer testified that because cocaine only remains in a person's system for forty-eight hours and the disputed test was a week after the first test, his argument lacked merit. Thus, even assuming that

the district court considered the disputed test, we cannot say that it relied on "clearly erroneous facts."

Next, Paden argues that the district court failed to consider his non-frivolous arguments for a lower sentence. However, when the district court asked, pursuant to *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), whether Paden had any objections that had not previously been raised, Paden failed to object to the court's alleged failure to address his previous confinement conditions and state supervised-released conditions. As a result, we review this issue for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) ("*Bostic* governs Vonner's claim that the district court failed to explain fully why it rejected some of his requests for leniency. . . . While [failing to object] did not undermine Vonner's right to appeal issues he had 'previously raised,' it did undermine his right to challenge the adequacy of the court's explanation for the sentence—an issue that became apparent as soon as the court finished announcing its proposed sentence and that counsel nonetheless declined the court's invitation to address.") (citing *Bostic,* 371 F.3d at 872–73). Although Paden was not required to re-raise an objection previously stated, i.e. his objection to relying on all three positive drug tests, *Vonner* squarely precludes Paden's argument that his initial plea for leniency qualifies as an objection to the district court's allegedly inadequate explanation for rejecting that plea.

Under plain-error review, Paden must show: "(1) error, (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 386 (citation and internal quotation marks omitted). We will find plain error "only in exceptional circumstances . . . where the error is so plain that the trial judge was derelict in countenancing it." *Id*.

Paden argued at length for a lesser sentence by citing his criminal history, earlier solitary-confinement conditions, financial constraints, psychological considerations, and the circumstances surrounding his initial bank-robbery convictions. On appeal, he points to two specific arguments that the district court failed to address: his duplicative state and federal supervision as well as his previous solitary-confinement conditions. The district court did not directly address either argument and instead focused on Paden's conduct while serving his term of supervised release. The court noted that after his first failed drug test, Paden told his parole officer that he had "cut ties" with friends who influenced his substance abuse and agreed to comply with the terms of an outpatient treatment program. But Paden admitted to using drugs again after that conversation and acknowledged his noncompliance and subsequent discharge from the program. The district court thus concluded that although Paden stated he was ready to comply with the terms of his release, his record belied that argument.

Although a district court is required to consider all non-frivolous arguments for a lower sentence, *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010), "a district court's failure to address each argument [of the defendant] head-on will not lead to automatic vacatur if the context and the record make the court's reasoning clear." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) (citations and quotation marks omitted). On appeal, "[w]e focus less on what the transcript reveals that the court said and more on what the transcript reveals that the court did." *United States v. Taylor*, 696 F.3d 628, 634 (6th Cir. 2012). Paden has not shown that the district court plainly violated its duty to analyze his arguments for leniency. Although the district court did not specifically address why Paden's 2005 confinement conditions and his concurrent state and federal supervised release did not warrant a below-Guidelines sentence, it is apparent that the district court considered Paden's allocution and arguments but concluded that Paden's

2005 confinement conditions and concurrent supervision were of minimal significance in comparison to his conduct while on supervised release.

III.

For the foregoing reasons, we **AFFIRM**.