HELENE N. WHITE, Circuit Judge,
dissenting.
Because I conclude that Casey’s sentence was procedurally unreasonable, I respectfully dissent.
*817 “A sentence is procedurally unreasonable if the district court failed to calculate (or improperly calculated) the Guidelines, range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to explain the chosen sentence.” United States v. Lapsins, 570 F.3d 758, 772 (6th Cir.2009). The law in this Circuit is that “[w]hen a defendant raises a particular, nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it.” United States v. Lalonde, 509 F.3d 750, 770 (6th Cir.2007) (internal citations omitted). “Reversible procedural error occurs if the sentencing judge fails to ‘set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decision making authority.” United States v. Bolds, 511 F.3d 568, 580 (6th Cir.2007) (citing Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)).
Although the majority is correct that a district court need not specifically state its reasons for rejecting each of the defendant’s arguments “if the context and the record make the court’s reasoning clear,” United States v. Petrus, 588 F.3d 347, 352 (6th Cir.2009) (emphasis added), that exception does not apply in this case where the context and the record do not indicate the court’s reasons for rejecting Casey’s arguments.
During sentencing, Casey’s attorney argued for a three-level downward departure based on, inter alia, Casey’s timely cooperation with the government, lack of criminal history, former honor-student status, and then-current employment, which the court ultimately granted. As a result of this departure, Casey’s guideline range was 0 to 6 months. In addressing Casey’s sentence, requesting home confinement, a one-or two-day sentence, or weekend-only imprisonment, Casey’s attorney reiterated these arguments, as well as the fact that Casey is a single mother, and also referenced the arguments outlined in the sentencing memorandum. It has not been contended that any of the arguments raised by Casey in support of a lower sentence were frivolous. Although the court made general comments about all three defendants in its analysis of the 3553(a) factors, it failed to address any of the arguments presented by Casey prior to imposing sentence. The court did acknowledge that it had received letters written on Casey’s behalf; however, the court never stated whether it reviewed those letters. Nor did any of the court’s other statements suggest that the court actually considered Casey’s arguments for a lower sentence. Instead, the court stated as follows:
The Court, with its obligation to impose a sentence that takes into account the personal circumstances and needs and background and characteristics of each defendant, and the court having the obligation to take into account the needs of society for a sentence as stated in Section 3553, that is, the need for retribution, the need for deterrence, the need for incapacitation, the Court concludes that sentences within the guideline range for these three defendants would be sufficient to fulfill the Section 3553(a) factors but no greater than necessary to do so.
The government has filed a motion on behalf of Ms. Casey. Ms. Casey asked that she be given a probationary sentence. The Court determines that a probationary sentence in this case would not fulfill the need for retribution. The Court has-gone over at some length the *818 nature of this crime involving planning, deception, lying, and the choices that Ms. Casey had before her. The Court concludes that a probationary sentence would not be adequate to comply with the purposes set forth in Section 3558(a). Accordingly it is the judgment of this Court on Count 3 that the defendant Rachel Casey be committed to the Bureau of Prisons to be imprisoned for a term of six months.
After the court imposed sentence on the remaining defendants, Casey’s attorney requested that the court put additional findings on the record to explain why he imposed a sentence at the top of the guideline range. The court responded as follows:
The court considered this offense, one involving fraud, deception, dishonesty, a lot of planning. And the Court was faced with a defendant who could make choices in her life, and the defendant chose to engage in actions that amounted to fraud and deception. And the Court concluded that a sentence of four months, five months, three months, two months, one month, or zero months would not be sufficient to satisfy the criteria set forth in Section 3553(a).
Casey’s attorney then repeated his request for additional findings of fact, to which the court responded, “I think anyone looking at this record would agree that a six-month sentence for someone who did what your client did is pretty generous.”
At no point did the court indicate that it had considered Casey’s status as a single mother, her lack of criminal history, her current employment or any of the other reasons raised by her attorney for a lower sentence. The court’s failure to provide any information to demonstrate that it listened to Casey’s argument, considered the supporting evidence, and “was fully aware of [Casey’s] circumstances and took ‘them into account’ in sentencing [her],” constitutes procedural error. See United States v. Vonner, 516 F.3d 382, 387 (6th Cir.2008) (en banc). For that reason, I would vacate Casey’s sentence and remand for re-sentencing.