NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0293n.06

No. 14-1629

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 22, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOSHUA ANTONIO-QUINN WHITE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, COOK, and STRANCH, Circuit Judges.

PER CURIAM. Joshua Antonio-Quinn White appeals his sentence. White pleaded guilty to possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The district court determined that, because he was a career offender, White's total offense level was 31 and his criminal history category was VI, resulting in a guidelines range of 188 to 235 months' imprisonment. White moved for a downward variance, arguing that the career-offender guidelines range vastly overstated the seriousness of his criminal conduct and his two prior drug convictions. The district court varied downward from the guidelines range and sentenced White to 168 months in prison.

On appeal, White raises two arguments: (1) the sentence is procedurally unreasonable because the district court failed to adequately explain why his arguments did not warrant a greater downward variance; and (2) the sentence is substantively unreasonable because the

district court failed to properly take into account that he played only a minor role in the overall drug distribution scheme and that his prior drug convictions were not serious crimes.

We generally review sentences under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). We review White's procedural claim for plain error only, however, because he failed to specifically raise the objection when given the opportunity to do so by the district court at the conclusion of the sentencing hearing. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, fails to consider a pertinent sentencing factor, or gives unreasonable weight to any sentencing factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence, *Vonner*, 516 F.3d at 389, and a defendant's burden to demonstrate that a below-guidelines sentence is unreasonable is even more demanding, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

White has not shown that the district court committed plain procedural error in imposing his sentence because the court's reasons for the sentence are clear from the record. *See United States v. Petrus*, 588 F.3d 347, 352–53 (6th Cir. 2009). The court explained that the career offender guidelines were the proper starting point based on White's prior convictions. In addition, the court explicitly acknowledged that it had considered White's arguments for a downward variance, and it adequately explained that the arguments warranted only a slight variance given the importance of other sentencing factors such as the seriousness of the offense, White's significant criminal history, and the need to afford adequate deterrence, protect the public, and provide just punishment.

White's below-guidelines sentence is also substantively reasonable. Given the district court's discussion of the statutory sentencing factors and its consideration of White's arguments for a variance, the record does not reflect that the court selected White's sentence arbitrarily or failed to consider a pertinent sentencing factor. And nothing in the record suggests that the district court gave unreasonable weight to any sentencing factor.

Accordingly, we affirm White's sentence.