NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0103n.06

No. 23-1434

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Mar 07, 2024 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| VINCENT RAYSHAWN CANADA, | ) | |
| Defendant-Appellant. | ) | OPINION |
|  | ) | |

Before: BATCHELDER, MOORE, and CLAY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Vincent Rayshawn Canada challenges both the procedural and substantive reasonableness of the forty-five-month sentence the district court imposed for his crime of being a felon in possession of a firearm. Canada argues that the district court committed procedural error by failing to explain why forty-five months was a sufficient but not greater than necessary sentence and by failing to explain why it rejected his arguments for a downward variance. Canada also argues that his sentence was arbitrary, thus making it substantively unreasonable. For the following reasons, we **AFFIRM** the sentence imposed by the district court.

## I. BACKGROUND

On August 3, 2022, Vincent Rayshawn Canada was riding in the front passenger seat of a vehicle when Grand Rapids Police Department officers pulled over the vehicle for moving

violations. R. 29 (PSR ¶ 8) (Page ID #77).[1] During the traffic stop, officers observed a handgun protruding from Canada's pants pocket and ordered him out of the vehicle. *Id.* ¶ 9. While exiting the vehicle, the handgun fell out of Canada's pocket to the ground. *Id.* Canada was taken into custody.

The handgun Canada possessed was loaded: It contained 20 rounds of ammunition, including one round in the chamber. *Id.* ¶ 12. Following a records check, authorities found that the handgun had been reported stolen and, just seven days prior to Canada's arrest, had been "used in a shooting in Grand Rapids . . ., during which two victims were shot by an unknown suspect." *Id.*

At the time of this August 3, 2022 incident, Canada had previously been convicted of multiple felony offenses. *Id.* ¶ 7 (Page ID #76–77). On November 30, 2022, a federal indictment was filed charging Canada with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). R. 1 (Indictment) (Page ID #1). Canada pleaded guilty to this single-count indictment without a plea agreement. R. 39 (Plea Tr. at 2, 16) (Page ID #154, 168). "Canada admitted [that] he was aware [that] he was not supposed to possess a firearm because of his status as a felon." R. 29 (PSR ¶ 17) (Page ID #78). That said, Canada believed that it was necessary to carry a firearm for self-protection and protection of his family. *Id.* ("The defendant explained he was cooperating and testifying in a murder trial and was receiving many threats from individuals in the community. . . . [H]e felt compelled to carry a firearm for personal protection."); R. 32-2 (Canada Sent'g Mem. Att. 2 at 1–2) (Page ID #130–31).

---

[1]Canada conceded that the "PSR accurately reflects [his] personal history and offense conduct." R. 32 (Canada Sent'g Mem. at 11) (Page ID #121).

In advance of sentencing, the United States Probation Department calculated Canada's total offense level as 21. R. 29 (PSR ¶ 29, 84) (Page ID #79, 95). That calculation accounted for (1) a base offense level of 22, pursuant to U.S.S.G. § 2K2.1(a)(3), "because the firearm in question was equipped with a large capacity magazine containing more than 15 rounds of ammunition and because Mr. Canada had a prior controlled substance offense conviction," Appellant Br. at 4; (2) a two-level increase because the firearm was stolen, U.S.S.G. § 2K2.1(b)(4)(A); and (3) a three-level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1. R. 29 (PSR ¶ 20–29) (Page ID #78–79). The Probation Department calculated Canada's criminal history category as III. *Id.* ¶ 46 (Page ID #87). Based on these calculations, the Probation Department provided a Guidelines range of forty-six to fifty-seven months of imprisonment. *Id.* ¶ 84 (Page ID #95).

Canada objected to a base offense level of 22. R. 32 (Canada Sent'g Mem.) (Page ID #111). Canada argued first that his prior conviction did not qualify as a "controlled substance offense conviction." *Id.* at 2 (Page ID #112). Next, Canada argued that the firearm he possessed, though "a semiautomatic firearm . . . that . . . contained a magazine that exceeded the 15-round threshold as defined in the application note," should not warrant "U.S.S.G § 2K2.1's large capacity magazine enhancement," because the enhancement "lacks any empirical foundation and is dangerously arbitrary." *Id.* at 6 (Page ID #116).

The district court sustained Canada's first objection as to a prior controlled substance offense conviction.[2] R. 40 (Sent'g Tr. at 16) (Page ID #190). The district court, however, overruled Canada's second objection as to the large-capacity magazine provision. *Id.* The district court explained that it was "perfectly satisfied . . . that the offense here involved a firearm capable

---

[2]The government does not appeal this holding. *See* Appellee Br. at 11, n.1.

of accepting a large capacity magazine," and thus the large capacity guideline "plainly applies." *Id.* Based on those rulings, the district court then determined that Canada's base offense level was 20 and his Guidelines range was thirty-seven to forty-six months of imprisonment. *Id.* at 19 (Page ID #193). The district court sentenced Canada to forty-five months of imprisonment, a within-Guidelines sentence at the top of the range. *Id.* at 26 (Page ID #200). This appeal followed.

## II. ANALYSIS

### A. Standard of Review

We review a district court's sentencing determination for reasonableness. *United States v. Thomas-Mathews*, 81 F.4th 530, 540–41 (6th Cir. 2023). Reasonableness is comprised of both procedural and substantive reasonableness, both of which are generally reviewed for abuse of discretion. *Id.* at 541. Abuse-of-discretion review is deferential: "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). If a defendant, however, does not challenge the procedural reasonableness of his sentence during his sentencing hearing, despite being afforded the opportunity to do so after imposition of the sentence, we review the procedural reasonableness of the sentence for plain error. *United States v. Cabrera*, 811 F.3d 801, 808 (6th Cir. 2016). To establish plain error, a defendant must show "that (1) an error occurred, (2) that the error was 'plain,' (3) that the error affected substantial rights, and (4) that 'the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Blackie*, 548 F.3d 395, 399 (6th Cir. 2008) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 734–37 (1993)).

**B. Procedural Reasonableness**

Canada did not raise a procedural-reasonableness objection at his sentencing hearing. R. 40 (Sent'g Hr'g Tr. at 30) (Page ID #204). We thus review the procedural reasonableness of his sentence for plain error. For a sentence to be procedurally reasonable, the district court must have:

> (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Canada does not dispute that his advisory Guidelines range was properly calculated. Canada does, however, argue that his sentence was procedurally unreasonable because the district court failed to address his arguments for a downward departure and failed adequately to articulate its reasoning for the forty-five-month sentence. Canada specifically argues that "the district court did not explain why 45 months, as opposed to some other sentence, was sufficient but not greater than necessary." Appellant Br. at 12. Moreover, Canada claims that he made "[s]pecific arguments . . . for a downward variance," yet the district court failed to address the arguments "in imposing the sentence," and offered "no explanation . . . for rejection of those arguments." *Id.* In arguing for a variance, Canada specifically stated that the district court should "disregard or modify U.S.S.G. § 2K2.1's large capacity magazine enhancement, because," although the firearm did contain what the Guidelines define as a large capacity magazine, that enhancement "lacks any empirical foundation and is dangerously arbitrary." R. 32 (Canada Sent'g Mem. at 6) (Page ID #116).

Canada cannot demonstrate that the district court plainly erred. Procedural reasonableness requires the district court to "provide a clear explanation of why it has either accepted or rejected

the parties' arguments and thereby chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines." *Bolds*, 511 F.3d at 580. A district court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Conatser*, 514 F.3d 508, 524 (6th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). "[I]f a defendant raises a particular argument in support of a lower sentence, the record must reflect that the district judge both considered the defendant's argument and explained the basis for rejecting it." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009). That said, "[p]rocedural reasonableness does not require ritual incantation of the . . . § 3553(a) factors by the district judge as long as the record demonstrates the district court's consideration of the relevant factors." *Conatser*, 514 F.3d at 524; *see also Thomas-Mathews*, 81 F.4th at 545–46. "[A] district court's failure[, moreover,] to address each argument [of the defendant] head-on will not lead to automatic vacatur," *Petrus*, 588 F.3d at 352 (third alteration in original) (quoting *United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2007)), so long as the court "articulate[s] the reasons it reached the sentence imposed," *id.* at 353. *See United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). Put simply, "[t]he district court's job is, in part, to show its work. If [we are] left to divine or extrapolate the district court's reasoning after the fact, the district court has not done its job of imposing a procedurally reasonable sentence." *Thomas-Mathews*, 81 F.4th at 546 (quoting *United States v. Byrd*, 843 F. App'x 751, 756 (6th Cir. 2021)).

*United States v. Lapsins* is informative. 570 F.3d 758 (6th Cir. 2009). There, we held that, "[a]lthough the district judge did not articulate his reasons for rejecting Lapsins's arguments, his reasoning was 'sufficiently detailed to reflect the considerations listed in § 3553(a) and to allow

for meaningful appellate review.'" *Id.* at 773 (quoting *United States v. Mayberry*, 540 F.3d 506, 518 (6th Cir. 2008)). The *Lapsins* district court did not go through each of Lapsins's enumerated arguments about "his remorse, family support, substance abuse problems, and willingness to undergo counseling," but the record, taken as a whole, clearly indicated that the district judge "considered Lapsins's arguments and evidence in support of a downward variance." *Id.* at 774. Even absent a thorough review of each individual argument, this "less lengthy explanation," accordingly "suffice[d] for a within-Guidelines sentence." *Id.*

After identifying the helpfulness of the parties' written sentencing memoranda, the district court here posed the question: "[W]hat's sufficient but not greater than necessary to achieve the purposes of sentencing all things considered?" R. 40 (Sent'g Hr'g Tr. at 26) (Page ID #200). The district court then contemplated the "aggravating factor here that needs to be baked into the sentence," i.e., Canada's "recidivist history when it comes to firearms." *Id.* The court explained that "[t]here is a genuine need for specific deterrence here based on [Canada's firearm-related recidivism] because at least to date nothing has worked with respect to Mr. Canada," despite his extended periods of incarceration, "a lot of [which] had to do with firearms." *Id.* The district court also considered "a need for general deterrence." *Id.* at 27 (Page ID #201). The court discussed Canada's argument that he carried a firearm because there was a prevalence of violence in his community, and he had "genuine concerns and fears for his family." *Id.* The prevalence of gun violence in the community, however, further indicated to the district court that general deterrence was necessary. *Id.* ("[T]here needs to be a general deterrent message that says you can't rely on self[-]help to break the law and possess firearms when you are prohibited from doing it, because that exposes the community to even greater risk and for that matter yourself, too.").

7

The district court also expressly considered—and declined to grant—a downward variance. *See id.* at 28 (Page ID #202). Though Canada argued for a downward variance based on policy grounds, *id.* at 7–8 (Page ID #181–82); R. 32 (Canada Sent'g Mem. at 6) (Page ID #116), the court expressed concern about increased violence in the community caused by "people who are prohibited from using firearms" accessing "them, particularly high[-]capacity magazines," R. 40 (Sent'g Hr'g Tr. at 27) (Page ID #201).[3] Having already determined that the firearm Canada possessed in this case had a high-capacity magazine, the district court declined to grant a downward variance. Though the district court's explanation was not "lengthy," it nonetheless "suffice[d] for a within-Guidelines sentence," because the record clearly "reveals that the district judge considered [Canada's] arguments and evidence in support of a downward variance." *Lapsins*, 570 F.3d at 774.

The district court gave a clear explanation for its sentencing decision, demonstrated a "reasoned basis for exercising its own legal decisionmaking authority," *Conatser*, 514 F.3d at 524 (quoting *Rita*, 551 U.S. at 356), and "considered [Canada's] argument and explained the basis for rejecting it," *Petrus*, 588 F.3d at 352. Canada fails specifically to identify any factors or arguments that the district court omitted from its analysis. The district court, accordingly, did not plainly procedurally err in imposing Canada's forty-five-month sentence.

---

[3]A district court "is free to reject a Guidelines range based on policy considerations," but it is not required to do so. *United States v. Hall*, 632 F.3d 331, 338 (6th Cir. 2011). The district court here adequately considered Canada's policy argument before determining that the Guidelines range was appropriate.

## C. Substantive Reasonableness

Given that Canada's sentence is procedurally sound, we now turn to the substantive reasonableness of his sentence. "Substantive unreasonableness focuses on the length and type of the sentence . . . and will be found when 'the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Camacho-Arellano*, 614 F.3d 244, 247 (6th Cir. 2010) (quoting *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010)). Sentences that fall within a properly calculated Guidelines range are afforded a rebuttable presumption of substantive reasonableness on appeal. *Conatser*, 514 F.3d at 520. This "presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *United States v. Adams*, 873 F.3d 512, 520 (6th Cir. 2017) (quoting *Rita*, 551 U.S. at 347). "This 'double determination significantly increases the likelihood that the sentence is a [substantively] reasonable one.'" *Id.* (quoting *Rita*, 551 U.S. at 347).

Canada has not offered evidence sufficient to rebut the presumption of substantive reasonableness and demonstrate that the district court abused its discretion. Canada argues that "[t]he district court simply selected a sentence [of forty-five months] without any explanation." Appellant Br. at 16. Canada continues that, because the district court failed to provide "a reasoned explanation . . . for selecting this particular sentence," the sentence "is arbitrary, substantively unreasonable and must be vacated." *Id.* As discussed above, however, the district court satisfactorily explained its reasoning for the sentence it chose. *See supra* Section II.B. Canada

baldly claims that the district court's sentencing decision was arbitrary but fails to engage with the explanation the district court provided. Canada, accordingly, fails to rebut the presumption of substantive reasonableness; we cannot say that the district court abused its discretion in selecting this within-guidelines sentence.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.